**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**BRANDON BAUER,**

     *Plaintiff,*

**v.**                                  **Case No. 5:23-CV-00993-JKP**

**AGCO CORPORATION,**

     *Defendant.*

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Defendant AGCO Corporation's ("AGCO") Motion to Dismiss. *ECF No. 38*. Plaintiff Brandon Bauer filed a Response to the Motion. *ECF No. 39*. AGCO did not file a Reply. Upon consideration, the Court **DENIES** AGCO's Motion to Dismiss. *ECF No 38*.

**BACKGROUND**

This case arises from Plaintiff Brandon Bauer's ("Bauer") June 9, 2021, purchase of an allegedly defective, new Massey Ferguson 5711D tractor from Defendant AGCO Corporation ("AGCO") for $80,152.48. *See ECF No. 12 at 2–4; see also ECF No. 35 at 2–6.*

The Court previously dismissed Bauer's First Amended Complaint for failure to state a claim upon which relief can be granted. *See ECF Nos. 12, 29*. Thereafter Bauer filed a Motion to Alter or Amend Judgment and for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). *ECF No. 31*. The Court granted Bauer's Motion and request for leave to amend his Complaint as to his (1) breach of express warranty, (2) Magnuson-Moss Warranty Act, and (3) Texas Deceptive Trade Practices Act causes of action only. *ECF No. 34*.

The following facts derive from Bauer's Second Amended Complaint and are taken as true for purposes of adjudicating AGCO's Motion to Dismiss. *ECF Nos. 35, 38*.

Bauer alleges on June 9, 2021, he purchased a new Massey Ferguson 5711D tractor from AGCO for $80,152.48. *ECF No. 35 at 3*. As part of the purchase, AGCO provided Bauer an alleged warranty promising "that defects in material and workmanship, if any, would be properly diagnosed and repaired." *Id.* Bauer attaches a portion of the alleged warranty to his Second Amended Complaint. *ECF No. 35-1*.

Within two weeks of purchase, Bauer alleges the tractor began requiring repairs for issues including problems with gear shifts, lights, and sensors. *ECF No. 35 at 3*. In total, according to Bauer's Second Amended Complaint, he presented the tractor for repairs on four (4) occasions for the following issues:

> June 14, 2021, through June 18, 2021 [3 days] Repair Order 12407S/Warranty Invoice l58l5S[,] Tractor Won't Start
>
> July 13, 2021, through September 8, 2021 [55 days] Repair Order l2681S/Warranty Invoice 16355S, Lights and Codes on Dash
>
> November 10, 2021, through December 7, 2021 [27 days] Repair Order 13348S/Warranty Invoice 16899S, Codes flashing on Dashboard
>
> February 18, 2022, through June 6, 2022 [108 days], Repair Order 13749S/Warranty Invoice l7960S, Shifting Problem, Lights Problem

[**193 ONE HUNDRED NINETY-THREE DAYS IN SHOP**]

*Id. at 4*. Bauer alleges the defects complained of were "covered by the [alleged] warranty and discovered during the [alleged] warranty period." *Id. at 5*. Bauer further alleges he "notified [AGCO] of the defects, including by and through counsel[,] to no avail." *Id. at 6*.

Bauer alleges the tractor "remains unrepaired to date and . . . the defects in material and workmanship have resulted in significant loss of use as evidenced [by the] repair orders, significant diminished value stemming from such unrepaired defects, and economic damages, resulting in the [tractor] failing to comply with [AGCO's] promises." *Id. at 6*.

As a result, Bauer filed the instant suit asserting causes of action against AGCO for (1) breach of express warranty, (2) violation of the Magnuson-Moss Warranty Act, and (3) violation of the Texas Deceptive Trade Practices Act. *Id.* at 6–8.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a motion to dismiss under Rule 12(b)(6), the court's review is limited to the live Complaint and any documents attached to it. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones*, 188 F.3d at 324).

A Complaint should only be dismissed under Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## ANALYSIS

### I. Breach of Express Warranty

Enacted in 1974, the Magnuson-Moss Warranty Act ("MMWA") "creates a statutory cause of action for consumers 'damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation [imposed by the Act] or [established by] a written warranty, implied warranty, or service contract.'" *Walton v. Rose Mobile Homes, LLC*, 298 F.3d 470,

474 (5th Cir. 2002) (citing 15 U.S.C. § 2310(d)(1)) (alterations in original). "The MMWA does not provide an independent basis for liability, but instead provides a federal cause of action for state law express and implied warranty claims." *Taliaferro v. Samsung Telecomms. Am., LLC*, No. 3:11-CV-01119, 2012 WL 169704, at *10 (N.D. Tex. Jan. 19, 2012) (internal quotation marks and citations omitted). Similarly, the Texas Deceptive Trade Practices Act ("DTPA") provides a mechanism by which parties may enforce express and implied warranties. *Tsao v. Ferring Pharms., Inc.*, No. 4:16-CV-01724, 2017 WL 746451, at *6 (S.D. Tex. Jan. 4, 2017) ("Although the DTPA allows a consumer to pursue a breach of warranty claim, the act itself does not create any warranties. It merely codifies provisions of the UCC and provides for additional remedies."). Thus, Bauer's MMWA and DTPA causes of action hinge upon his state law cause of action for breach of express warranty.

> To establish breach of an express warranty,
>
> Plaintiff 'must allege (1) an express affirmation of fact or promise by the seller relating the goods; (2) that such affirmation of fact or promise by the seller became a part of the basis of the bargain; (3) that [Plaintiff] relied upon said affirmation of fact or promise; (4) that the goods failed to comply with the affirmation of fact or promise; (5) [Plaintiff] [was] injured by such failure of the product to comply with the express warranty; and (6) that such failure was the proximate cause of [Plaintiff's] injury.'

*Harris v. BMW of N. Am., LLC*, No. 4:19-CV-00016, 2020 WL 7081808, at *5 (E.D. Tex. Dec. 3, 2020) (quoting *Johnson v. Philip Morris*, 159 F. Supp. 2d 950, 952 (S.D. Tex. 2001)); *see also* Tex. Bus. & Com. Code § 2.313(a)(1).

Here, AGCO argues Bauer fails to adequately allege the first element of a breach of express warranty cause of action and, even assuming he has, Bauer "fail[s] to plead sufficient facts to support the remaining elements" as well. *ECF No. 38 at 6–7.*

Specifically, regarding the first element, AGCO argues Bauer does not show "what promise AGCO made regarding the tractor." *ECF No. 38 at 6*. In his Second Amended Complaint, however, Bauer references "the specific language of the [alleged] warranty [stating] in relevant part, 'the manufacturer provides a warranty which, subject to certain conditions, guarantees that the goods are free from defects in materials and workmanship.'" *ECF No. 35 at 3*. While Bauer attaches a portion of the alleged warranty to his Second Amended Complaint, in its Motion to Dismiss AGCO claims it "is not a warranty issued to Plaintiff." *ECF No. 35-1; ECF No. 38 at 6*. In his Response, contesting AGCO's claims, Bauer states the alleged warranty is from "documents provided to [him] at the time of purchase." *ECF No. 39 at 1*.

To the extent there is a factual dispute over the legitimacy of the alleged warranty Bauer attaches to his Second Amended Complaint, this case is in its early stages and discovery has not yet commenced. The determination of whether a valid warranty exists between Bauer and AGCO requires factual findings that cannot be made at the Rule 12(b)(6) stage wherein the Court accepts Bauer's facts as true and views them in the light most favorable to him. *Martin*, 369 F.3d at 467. It would be inappropriate to dismiss Bauer's breach of express warranty cause of action based on conflicting facts. The Court therefore finds Bauer's allegations in his Second Amended Complaint satisfy the first element of a breach of express warranty cause of action.

The Court also finds Bauer's allegations in his Second Amended Complaint satisfy the remaining elements of a breach of express warranty cause of action. *See Harris*, 2020 WL 7081808 at *5. Regarding the second and third elements, Bauer alleges the alleged warranty "formed the basis of the bargain" because otherwise he would have "purchased a used tractor for much less," and he relied on "Defendant's affirmations and promises regarding defects in material and workmanship" when purchasing the tractor. *No. 35 at 7–9*. As to the fourth and sixth el-

ements, Bauer alleges the tractor "fail[ed] to comply with Defendant's promises," requiring repairs within two weeks of purchase, and AGCO's lack of success in repairing the tractor "has been the producing cause of [his] damages." *Id. at 3*. Finally, Bauer plead damages, the fifth element, including economic loss from the diminished value of the tractor and loss of use of the tractor. *Id. at 8–9*. Accordingly, Bauer alleges sufficient facts to state a plausible breach of express warranty cause of action and the Court denies AGCO's Motion to Dismiss on this basis.

## II.    Magnuson-Moss Warranty Act and Texas Deceptive Trade Practices Act

Regarding Bauer's derivative MMWA and DTPA causes of action, AGCO first argues these causes of action should be dismissed "because Plaintiff fails to state a warranty claim under Texas law." *ECF No. 38 at 8–9*. Because the Court finds Bauer's breach of express warranty cause of action does not fail, this argument is without merit. The Court therefore denies AGCO's Motion to Dismiss on this basis as well.

AGCO next argues Bauer's Texas Deceptive Trade Practices ("DTPA") cause of action "should be dismissed for failure to comply with [Federal Rule of Civil Procedure] 9(b) ["Rule 9(b)"]." *ECF No. 38 at 9*. Rule 9(b) requires a plaintiff to plead allegations of "fraud or mistake" with particularity. However, "Rule 9(b)'s stringent pleading requirements should not be extended to causes of action not enumerated therein." *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662, 668 (5th Cir. 2004); *see also General Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396–97 (5th Cir. 2005) ("Other than situations expressly enumerated in [R]ule 9(b), *e.g.*, allegations of actual fraud, plaintiffs must satisfy only the minimal requirements of [R]ule 8(a)."). Rather, a motion to dismiss under Rule 9(b) can result in the dismissal of claims other than fraud only in extraordinary circumstances:

> Where averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated. The

proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated.

*Lone Star Ladies Investment Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).

Some courts apply Rule 9(b) to DTPA claims where the DTPA claims depend on the same set of facts that support a fraud claim. *See, e.g.*, *Ranzy v. Extra Cash of Tex., Inc.*, No. 4:09-CV-03334, 2011 WL 6719881, at *4–5 (S.D. Tex. Dec. 21, 2011) ("There are cases that have applied Rule 9(b)'s heightened specificity requirements to claims under the DTPA, but in those cases the underlying claims involved fraud."). Here, however, Bauer does not allege fraud. *ECF No. 39 at 12* ("Plaintiff has neither pled no[r] attempted to plead any sort of fraud"). Thus, Rule 9(b) does not apply. *See, e.g.*, *Abbey on Preston H.O.A. v. Admiral Ins. Co.*, No. 3:13-CV-00102, 2013 WL 12137742 at *2 (N.D. Tex. July 29, 2013) (declining to apply Rule 9(b) where plaintiff does not allege fraud); *Grand Treviso Condo. Ass'n, Inc. v. Fireman's Fund Ins. Co.*, No. 3:24-CV-01403, 2025 WL 317497 at *3 (N.D. Tex. Jan. 28, 2025) (same).[1] Because Rule 9(b) does not apply to Bauer's DTPA cause of action, this argument is also without merit.

The Court notes in its initial Motion to Dismiss, (*ECF No. 13*), AGCO argues the DTPA's two-year statute of limitations bars Bauer's DTPA cause of action. *See ECF No. 13 at 12–14*. However, upon the refiling of its Motion to Dismiss, (*ECF No. 38*), AGCO did not reassert any argument regarding this affirmative defense. Therefore, the Court will not consider it at this time.

---

[1] The Court recognizes this area of the law is somewhat unclear and district courts disagree on when Rule 9(b) applies to the DTPA, Texas Insurance Code, and other nonfraud causes of action. *See Compass Bank v. Vey Fin., LLC*, No. 3:10-CV-00173, 2011 WL 3666608, at *3 n.4 (W.D. Tex. Apr. 29, 2011) (discussing split and citing cases); *Okeke v. Auto. Fin. Corp.*, No. 1:15-CV-00694, 2016 WL 11582509 at *10 (W.D. Tex. Feb. 3, 2016) ("To the extent that there is any through line in these cases . . . it rests on whether plaintiff's DTPA claims are based on the same facts as . . . underlying fraud claims"); *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 369 (5th Cir. 2001) ("[causes of action] that do not 'sound in fraud' . . . cannot be dismissed for failure to satisfy Rule 9")). But AGCO cites no case where a district court dismissed a DTPA cause of action—based upon breach of an express warranty pursuant to Texas Business and Commerce Code § 2.313 or §17.50(a)(2)—for failure to meet Rule 9(b) where the plaintiff did not also allege fraud.

**CONCLUSION**

For the reasons stated, the Court **DENIES** AGCO's Motion to Dismiss. *ECF No 38*.

It is so ORDERED.
SIGNED this 10th day of March, 2025.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE