UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

BRANDON BAUER,

    *Plaintiff*,

v.                                                                          Case No. 5:23-CV-00993-JKP

AGCO CORPORATION,

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant AGCO Corporation's Motion for Summary Judgment (the "Motion"), (*ECF No. 66*).  Plaintiff Brandon Bauer failed to file a response to the Motion, failed to respond to two court orders issued by U.S. Magistrate Judge Henry J. Bemporad, and failed to appear at an October 30, 2025, hearing. *See ECF Nos. 65, 67*; *see also* Min. Ent. Oct. 30, 2025. Upon review, the Court will grant the Motion, (*ECF No. 66*).

## BACKGROUND

This case arises from Plaintiff Brandon Bauer's ("Bauer") purchase of a new, allegedly defective, Massey Ferguson 5711D tractor from Defendant AGCO Corporation ("AGCO"). *See ECF No. 12 at 2–4; see also ECF No. 35 at 2–6.*

Bauer alleges on June 9, 2021, he purchased a new Massey Ferguson 5711D tractor from AGCO for $80,152.48. *ECF No. 35 at 3*. As part of the purchase, AGCO provided Bauer an alleged warranty promising "that defects in material and workmanship, if any, would be properly diagnosed and repaired." *Id.* Bauer attaches a portion of the alleged warranty to his Second Amended Complaint. *ECF No. 35-1*.

Within two weeks of purchase, Bauer alleges the tractor began requiring repairs for issues including problems with gear shifts, lights, and sensors. *ECF No. 35 at 3*. In total, according to Bauer's Second Amended Complaint, he presented the tractor for repairs on four (4) occasions for the following issues:

> June 14, 2021, through June 18, 2021 [3 days] Repair Order 12407S/Warranty Invoice l58l5S[,] Tractor Won't Start
>
> July 13, 2021, through September 8, 2021 [55 days] Repair Order l2681S/Warranty Invoice 16355S, Lights and Codes on Dash
>
> November 10, 2021, through December 7, 2021 [27 days] Repair Order 13348S/Warranty Invoice 16899S, Codes flashing on Dashboard
>
> February 18, 2022, through June 6, 2022 [108 days], Repair Order 13749S/Warranty Invoice l7960S, Shifting Problem, Lights Problem

> **[193 ONE HUNDRED NINETY-THREE DAYS IN SHOP]**

*Id. at 4*. Bauer alleges the defects complained of were "covered by the [alleged] warranty and discovered during the [alleged] warranty period." *Id. at 5*. Bauer further alleges he "notified [AGCO] of the defects, including by and through counsel[,] to no avail." *Id. at 6*.

Bauer alleges the tractor "remains unrepaired to date and . . . the defects in material and workmanship have resulted in significant loss of use as evidenced [by the] repair orders, significant diminished value stemming from such unrepaired defects, and economic damages, resulting in the [tractor] failing to comply with [AGCO's] promises." *Id. at 6*.

2

As a result, Bauer filed the instant suit asserting causes of action against AGCO for (1) breach of express warranty, (2) violation of the Magnuson-Moss Warranty Act, and (3) violation of the Texas Deceptive Trade Practices Act. *Id. at 6–8.*

## PROCEDURAL HISTORY

On July 24, 2025, U.S. Magistrate Judge Henry J. Bemporad granted the Motion to Withdraw filed by Bauer's counsel. *See ECF Nos. 64, 65.* Judge Bemporad next stayed the case pending resolution of the issue of Bauer's legal representation and set Bauer's deadline to notify the Court if he intended to proceed *pro se* or obtain new counsel for August 29, 2025. *Id.* That deadline passed without notification from Bauer.

On July 25, 2025, pursuant to the operative deadline, AGCO filed its Motion for Summary Judgment. *See ECF No. 57, 66.* Bauer's deadline to file a response was August 9, 2025. *See* W.D. Tex. Civ. R. 7 (D)(2). Bauer failed to file a response to the Motion.

Subsequently, on September 8, 2025, Judge Bemporad lifted the stay in this case and ordered Bauer to file a Response to AGCO's Motion for Summary Judgment no later than October 8, 2025. *ECF No. 67.* That deadline also passed without notification from Bauer.

Bauer also failed to appear at an October 30, 2025, hearing. *See* Min. Ent. Oct. 30, 2025.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir.

---

[1]Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c).

A court may not grant summary judgment by default should the nonmovant fail to respond. *Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985). In this event, the Court must review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *Austin v. Kroger Texas, L.P.*, 864 F. 3d 326, 335 (5th Cir. 2017). Should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017). Consequently, if the movant satisfied its summary judgment burden, and the opposing party filed no response, summary judgment in favor of the movant is appropriate. *Austin*, 864 F.3d at 335; *Broadcast Music*, *Inc.*, 2017 WL 782932, at *2.

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## ANALYSIS

### I.    Breach of Express Warranty

The Magnuson-Moss Warranty Act ("MMWA") "creates a statutory cause of action for consumers 'damaged by the failure of a supplier, warrantor, or service contractor to comply with

any obligation [imposed by the Act] or [established by] a written warranty, implied warranty, or service contract.'" *Walton v. Rose Mobile Homes, LLC*, 298 F.3d 470, 474 (5th Cir. 2002) (citing 15 U.S.C. § 2310(d)(1)) (alterations in original). "The MMWA does not provide an independent basis for liability, but instead provides a federal cause of action for state law express and implied warranty claims." *Taliaferro v. Samsung Telecomms. Am., LLC*, No. 3:11-CV-01119, 2012 WL 169704, at *10 (N.D. Tex. Jan. 19, 2012) (internal quotation marks and citations omitted).

Similarly, the Texas Deceptive Trade Practices Act ("DTPA") provides a mechanism by which parties may enforce express and implied warranties. *Tsao v. Ferring Pharms., Inc.*, No. 4:16-CV-01724, 2017 WL 746451, at *6 (S.D. Tex. Jan. 4, 2017) ("Although the DTPA allows a consumer to pursue a breach of warranty claim, the act itself does not create any warranties. It merely codifies provisions of the UCC and provides for additional remedies.").

Thus, Bauer's MMWA and DTPA causes of action hinge upon his state law cause of action for breach of express warranty.

The elements of a breach of express warranty are as follows:

(1) an express affirmation of fact or promise by the seller relating to the goods; (2) that such affirmation of fact or promise by the seller became a part of the basis of the bargain; (3) that [Plaintiff] relied upon said affirmation of fact or promise; (4) that the goods failed to comply with the affirmation of fact or promise; (5) [Plaintiff] [was] injured by such failure of the product to comply with the express warranty; and (6) that such failure was the proximate cause of [Plaintiff's] injury.'

*Harris v. BMW of N. Am., LLC*, No. 4:19-CV-00016, 2020 WL 7081808, at *5 (E.D. Tex. Dec. 3, 2020) (quoting *Johnson v. Philip Morris*, 159 F. Supp. 2d 950, 952 (S.D. Tex. 2001)); *see also* Tex. Bus. & Com. Code § 2.313(a)(1).

To satisfy its summary judgment burden, AGCO presents evidence consisting of, among other things, AGCO's Limited Warranty, excerpts of Bauer's deposition testimony, and excerpts

6

of Bauer's Responses to AGCO's First Set of Interrogatories and Requests for Production. *See*

*ECF No. 66-1.* With this evidence, the undisputed facts show:

> AGCO's Limited Warranty was effective from June 22, 2021 through June 21, 2023 . . .
>
> Although [Bauer] testified that AGCO "never fixed the tractor," he acknowledged that AGCO's authorized dealers performed multiple warranty repairs . . .
>
> AGCO honored the Limited Warranty by paying for five repairs, without charge for parts or labor . . .
>
> [Bauer] likewise admitted that no AGCO dealer ever refused service, no AGCO representative ever misled him, and AGCO never denied any warranty claim . . .
>
> Rather, he chose not to seek additional repairs before the Limited Warranty expired . . . That choice was his, not the result of any refusal by AGCO . . .

*ECF No. 66 at 8–9.* Thus, this evidence shows—at minimum—that the tractor was serviced un-

der AGCO's Limited Warranty, and that AGCO otherwise fulfilled its obligations to Bauer under

that warranty. Accordingly, Bauer's breach of express warranty cause of action fails as the un-

disputed facts demonstrate no genuine dispute as to any material facts on injury and causation.

Additionally, the Court observes Bauer points to no "express affirmation of fact or prom-

ise by [AGCO] relating to the goods." *Harris*, 2020 WL 7081808, at *5. At the motion to dis-

miss stage, the Court acknowledged that:

> To the extent there is a factual dispute over the legitimacy of the alleged warranty Bauer attaches to his Second Amended Complaint, this case is in its early stages and discovery has not yet commenced. The determination of whether a valid warranty exists between Bauer and AGCO requires factual findings that cannot be made at the Rule 12(b)(6) stage wherein the Court accepts Bauer's facts as true and views them in the light most favorable to him. *Martin*, 369 F.3d at 467.

*ECF No. 47 at 6.* Now at the summary judgment stage, Bauer can no longer rest on his allega-

tions. As Bauer failed to file a Response or otherwise challenge AGCO's evidence, it is undis-

puted that AGCO's Limited Warranty, presented as summary judgment evidence by AGCO, is

the legitimate warranty. *ECF No. 66-1 at 101–102*. Because AGCO's Limited Warranty differs from the alleged warranty Bauer attaches to his Second Amended Complaint, Bauer's breach of express warranty cause of action also fails as the undisputed facts demonstrate no genuine dispute as to any material facts on the first element ("an express affirmation of fact or promise by the seller relating to the goods"). *Harris*, 2020 WL 7081808, at *5. *Compare ECF No. 35-1 at 9 with ECF No. 66-1 at 101–102*.

Upon this showing, AGCO satisfies its summary judgment burden of proof to prevail on Bauer's causes of action, and the summary judgment burden shifts to Bauer to raise a genuine dispute of material fact. Bauer failed to file a response to the Motion, failed to respond to two court orders issued by U.S. Magistrate Judge Henry J. Bemporad, and failed to appear at an October 30, 2025, hearing. *See ECF Nos. 65, 67*; *see also* Min. Ent. Oct. 31, 2025. As such, Bauer does not satisfy his burden to raise a genuine dispute of material fact to prevent summary judgment on Bauer's breach of express warranty, MMWA, and DTPA causes of action. *See Bauer v. AGCO Corp.*, 770 F.Supp.3d 957, 962 (W.D. Tex. 2025).

### CONCLUSION

For the reasons stated, Defendant AGCO Corporation's Motion for Summary Judgment, (*ECF No. 66*), is **GRANTED**. The Clerk of Court is **ORDERED** to docket the contemporaneously-filed Final Judgment and close this case.

It is so ORDERED.
SIGNED this 20th day of November, 2025.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE

8